IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YNOHTNA CARROLL,     PLAINTIFF
#214931

v.     4:22CV00888-JM-JTK

MCFADDEN, et al.     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

Ynohtna Carroll ("Plaintiff") is incarcerated at the Pulaski County Detention Center. (Doc. No. 1-1). Plaintiff sued Pulaski County Detention Center Officers Shaquita McFadden, Denise Robinson, Mariah Daniels, Dennis Parker, and Artisha Grant (collectively "Defendants") in their personal and official capacities. (Id. at 1-3).

Defendants filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 17-19). On January 5, 2023, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by February 4, 2023. (Doc.

No. 20). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration of the record before me, and for the reasons set out below, the Court recommends that Defendants' Motion be granted.

## II.    Plaintiff's Claims

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 1-1 at 1-3). Plaintiff alleges that on July 4-7, 12-14, 18-19, and 21, 2022, Defendant McFadden denied him the following: time in the rec room; showers; mail; phone calls; law library; kiosk; and access to tablets-and thus access to grievances. (Id. at 5). Plaintiff alleges that he was denied those same things by Defendant Daniels on July 27 and 28. (Id.). Defendant Robinson allegedly subjected Plaintiff to the same deprivations on August 6-August 8. (Id. at 6). Plaintiff asserts Defendant Grant likewise denied him time in the rec room, showers, mail, phone calls, law library, kiosk, and access to tablets—and thus access to grievances—on August 6, 11, 13-14, and 24. (Id.). And Defendant Parker purportedly deprived Plaintiff of those same things on September 3-4, 14-15, 18-19, 2022. (Id.). Plaintiff alleges these deprivations were due to each officer being in charge of too many inmates at one time on the dates specified. (Doc. No. 1-1 at 5-7). Plaintiff seeks damages, among other relief. (Id. at 8).

## III.   Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party

bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### IV.     Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them.   (Doc. No. 18). According to the Prison Litigation Reform Act ("PLRA"),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.§ 1997e(a), uncons'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that

3

administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 19) are deemed admitted. LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the Pulaski County Detention Center had in place a grievance procedure. (Doc. No. 19 at ¶ 9; Doc. No. 19-4). Under the policy, inmates are "permitted to file grievances/appeals and will be assured of written responses from facility officials in a timely and orderly manner without fear of reprisal or prejudice." (Doc. No.

4

19-4 at 1). After an incident, an inmate first should attempt to resolve incidents, problems, or complaints verbally through the unit deputy. (Id. at 4). If the issue is not resolved, an inmate may file a written grievance. (Id.). Detention Center policy defines a grievance as

> [a] written complaint by an Inmate on the Inmate's own behalf . . . regarding . . . [a]ctions taken by staff or other inmates that have the effect of depriving the inmate of a right, service, or privilege[;] [a]llegations of abuse, neglect, or mistreatment by staff or other inmates; [a]ny other matter the inmates believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition.

(Id. at 1-2).

Copies of grievance forms are available in each unit. (Id. at 3). Completed grievances are to be placed in locked grievance boxes. (Id.). Grievances must be completed within 15 days "after the grievance occurrence with the Grievance Officer or designee." (Doc. No. 19-4 at 4). Inmates should state the problem in the grievance "as briefly and clearly as possible" and a grievance should address only one problem. (Id.). Inmates are to receive a written response to their grievance within 10 working days of receipt. (Id. at 6). Responses must "[s]tate the reason for the decision in clear, well-reasoned terms." (Id.). In an inmate is not satisfied with the written response, the inmate may appeal within 10 working days. (Id. at 7). Appeals must be written on the original grievance form in the section "Inmates Appeal" and deposited into a grievance box. (Id.). Written responses to appeals are issued within five working days. (Doc. No. 19-4 at 7). The written response "is the final level of the appeal process." (Id.).

In support of their Motion, Defendants present the Affidavit of Evora Clark, who is was employed as a Sergeant by the Pulaski County Detention Center. (Doc. No. 19-1 at ¶ 1). Ms. Clark also serves as a custodian of records for the Detention Center. (Id. at ¶ 2). Ms. Clark attached Plaintiff's grievances to her Affidavit. (Doc. No. 19-3).

The Court has reviewed the grievances, and none relate to the claims in this case. Plaintiff filed a grievance on October 2, 2022 complaining that "we have not been getting breaks for 2 or 3 day at a time. We need more time out every day." (Doc. No. 19-3 at 3). Plaintiff filed this lawsuit on September 22, 2022—before his October 2, 2022 grievance regarding breaks. As mentioned above, administrative remedies must be exhausted prior to the filing of a lawsuit. Because Plaintiff grieved not getting breaks only after he filed suit, Plaintiff failed to exhaust any claims through his October 2, 2022 grievance. Plaintiff's other grievance likewise did not exhaust any claims in this case.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). As such, the Court finds Plaintiff did not exhaust his claims against Defendants. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

**V.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 17) be GRANTED.

2. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's Complaint (Doc. No. 1-1) be DISMISSED without prejudice.

4. The Court certify that in in forma pauperis appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 9th day of February, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE